United States District Court
Southern District of Texas
FILED

MAY 0 7 2003

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARK PROBASCO, #1102569, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. B-03-069 |
| | § | |
| DAVID FORREST, WARDEN, MARGARET | § | |
| CISNEROS, ASST. WARDEN, JULIO S. | § | |
| SALDANA, JR., FORMER EDUCATION | § | |
| DIRECTOR, JUANITA SMITH, INTERIM | § | |
| EDUCATION DIRECTOR, | § | |
| Defendants. | § | |

## DEFENDANTS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Defendants David Forrest, Margaret Cisneros, and Juanita Smith and file their

Original Answer in response to Plaintiff's Original Complaint.

### I.

### ORIGINAL ANSWER

1.    Pursuant to FED. R. CIV. P. 8(b), Defendants deny each and every allegation in

Plaintiff's Complaint except those allegations specifically admitted below.

2.    Defendants admit Plaintiff has been an inmate in the custody of Wackenhut

Corrections Corporation (WCC). Defendants deny that Plaintiff is currently an inmate in the custody

of WCC.

3.    Defendants admit that Plaintiff was incarcerated at the Willacy State Jail located in

Raymondville, Texas. Defendants deny that Plaintiff is currently incarcerated in the Willacy State

Jail.

4.      Defendants admit that this Court has federal question jurisdiction over the type of allegations filed by Plaintiff, but deny the veracity of all Plaintiff's allegations in his Complaint other than those admitted in this Original Answer.

5.      Defendants admit some inmates are provided substance abuse education classes, based on an assessment of need, while incarcerated at the Willacy State Jail located in Raymondville, Texas.

6.      Defendants admit that Plaintiff was enrolled in a substance abuse education class and was subsequently withdrawn from the class. Defendants specifically deny that the substance abuse education class was a drug or alcohol counseling service; instead, the substance abuse education class provided general information regarding alcohol and other drugs as opposed to being a counseling service or treatment program. Plaintiff was not eligible for a drug and alcohol counseling service or treatment program.

7.      Defendants specifically deny any liability in this case under any of the theories of recovery articulated by Plaintiff.

8.      Defendants deny there was a violation of Plaintiff's rights under 42 U.S.C. § 1983 or any other statute, constitutional theory or legal authority. Defendants further deny that Plaintiff can state a cause of action against Defendants for negligence. Moreover, even if a cause of action could be stated, Defendants deny that it acted negligently toward Plaintiff in any manner.

9.      Defendants specifically deny that Plaintiff was provided inadequate attention, care, or treatment, medical or otherwise, while incarcerated at the Willacy State Jail located in Raymondville, Texas.

10.     Defendants deny that 42 U.S.C. § 1983 creates an independent cause of action.

-2-

Further, Defendants deny that Plaintiff is entitled to any of the remedies provided by 42 U.S.C. § 1983 because there was no violation of an underlying constitutional or statutory authority such as would permit Plaintiff to utilize 42 U.S.C. § 1983 as a remedy.

11.    Defendants deny the existence of any custom, practice, or policy which was violated that did or could have led to the actions about which Plaintiff complains in this lawsuit but which Defendants deny.

12.    Defendants specifically deny that all conditions precedent to the filing of this lawsuit and the recovery of damages prayed for by Plaintiff have occurred or have been performed.

13.    Defendants deny Plaintiff is entitled to a trial in this case and further deny that Plaintiff is entitled to any of the relief he requests in his Complaint.

14.    Defendants deny that Plaintiff exhausted his administrative remedies by filing a grievance or any other type of administrative complaint regarding any of the allegations he raises in this case.

15.    Defendants specifically deny Plaintiff has stated a cause of action under 42 U.S.C. § 1983 for the alleged violation of his constitutional rights.

## II.

## ENTITLEMENTS AND DEFENSES

16.    Defendants assert their entitlement to both qualified and Eleventh Amendment immunity from all claims asserted against it. Defendant contracts with the State of Texas to provide correctional services. Thus, Defendants in their official capacities are protected from both suit and liability by the doctrines of qualified immunity and Eleventh Amendment immunity. Defendants assert their entitlement to qualified immunity for any claim that Plaintiff purports to assert against

-3-

them in their individual capacities.

17.    Defendants affirmatively assert that if they are not entitled to qualified immunity or Eleventh Amendment immunity, they are not subject to suit pursuant to 42 U.S.C. § 1983 because they did not act under the color of state law.

18.    Defendants claim their entitlement to the defenses of waiver, estoppel, failure to file within the statute of limitations, failure to exhaust administrative remedies, failure to mitigate damages, and after-acquired evidence for any claims asserted against them to which these defenses apply.

19.    Defendants assert they may not be held liable for Plaintiff's claims under the theory of *respondeat superior.*

20.    Defendants assert their lack of capacity to be sued under the theories articulated by Plaintiff.

21.    Even assuming the validity of the Plaintiff's allegations of constitutional right violations, (which the Defendants specifically deny) the Plaintiff's constitutional rights were not violated pursuant to any "policy" or "custom."

22.    Plaintiff has failed to comply with the Prison Litigation Reform Act.

23.    Plaintiff's claims are barred by the Prison Litigation Reform Act (PLRA).

24.    Defendants assert that Plaintiff has failed to mitigate his damages, if any.

25.    Defendants assert that their liability, if any, is limited by the after-acquired evidence doctrine. *See McKennon v. Nashville Banner Publishing Co.*, 115 S. Ct. 879 (1995).

26.    Plaintiff is not entitled to damages, actual, punitive, exemplary, or otherwise, or any other type or form of damages or other relief against Defendants.

-4-

27.    Defendants specifically invoke all statutory limitations of liability and damages applicable to any and all asserted causes of action in this case.

28.    Defendants assert Plaintiff is not entitled to any award of attorneys' fees or costs based on Plaintiffs' claims

29.    Defendants claim their entitlement to recover attorneys' fees and costs of suit pursuant to the Federal Rules of Civil Procedure, 42 U.S.C. § 1988, the PLRA, and judicial interpretation.

30.    Defendants assert the right to raise additional defenses that become apparent throughout the factual development of the case.

## III.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendants David Forrest, Margaret Cisneros, and Juanita Smith urge this Court to deny Plaintiff any and all relief demanded in his Complaint. Defendants also request an award of reasonable attorneys' fees and costs of suit. Defendants request an award of reasonable attorneys' fees and costs of suit pursuant to FED. R. CIV. P. 54. Defendants further claim an entitlement to attorneys' fees pursuant to 42 U.S.C. § 1988. Finally, Defendants request the Court grant such other and further relief, both general and specific, at law and in equity, as the Court deems just and proper.

Respectfully submitted,

WALSH, ANDERSON, BROWN,
 SCHULZE & ALDRIDGE, P.C.
P.O. Box 2156
Austin, Texas  78768
TELEPHONE: (512) 454-6864
FACSIMILE: (512) 467-9318

BY: _____
    BRIDGET ROBINSON
    State Bar No. 17086800
    Southern Dist. Admission No. 16521

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of May, 2003, a true and correct copy of the above and foregoing pleading was served upon counsel of record by placing same in the United States mail, certified, return receipt requested, postage prepaid and addressed as follows:

Mark Probasco
#1102569
Ben A. Reid Center
10950 Beaumont Hwy
Houston, TX 77078

_____
BRIDGET ROBINSON

-6-