United States District Court
Southern District of Texas
FILED

OCT 1 4 2003

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| MARK PROBASCO, #1102569,<br>Plaintiff, | §<br>§<br>§ |
| vs. | § Civil Action No. B-03-069 |
| DAVID FORREST, WARDEN, MARGARET<br>CISNEROS, ASST. WARDEN, JULIO S.<br>SALDANA, JR., FORMER EDUCATION<br>DIRECTOR, JUANITA SMITH, INTERIM<br>EDUCATION DIRECTOR,<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§ |

## DEFENDANTS' MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Defendants David Forrest, Margaret Cisneros, and Juanita Smith and file their Motion to Dismiss in response to Plaintiff's Complaint.

### I.

### STANDARD OF REVIEW

The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief. *See Murray v. Amoco Oil Co.*, 539 F.2d 1385, 1387 (5th Cir. 1976). The Rule 12(b)(6) motion only tests whether the claim has been adequately stated in the complaint. Thus, on a motion under Rule 12(b)(6), the Court's inquiry is limited to the content of the claim. *See Mahone v. Addicks Util. Dist. of Harris County*, 836 F.2d 921, 935 (5th Cir. 1988). In determining whether to grant a Rule 12(b)(6) motion, the allegations in the complaint are examined, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint also may be taken into account. *See Mahone*, 836 F.2d at 921; *Goodwin v. Elkins & Co.*, 730 F.2d 99, 104 (5th Cir. 1989), *cert. denied*, 460 U.S. 831. The case at bar against

Defendants should be dismissed pursuant to the dictate of FED. R. CIV. P. 12(b)(6) because Plaintiff fails to state a claim for which relief can be granted.

## II.

## PLAINTIFF'S SUIT IS SUBJECT TO DISMISSAL ON THE BASIS OF MOOTNESS

Even if Plaintiff had asserted a cause of action on which relief could be granted, which he has not, this suit would be subject to dismissal on the basis of mootness. Plaintiff is no longer a Willacy State Jail inmate; rather, Plaintiff is now confined to a halfway house. Indeed, Plaintiff is no longer confined to any Wackenhut Corrections Corporation (WCC) facility, either the Willacy State Jail or any other WCC facility. Plaintiff's last known address was:

>   Mark Probasco
>   #1102569
>   Ben A. Reid Center
>   10950 Beaumont Hwy
>   Houston, TX 77078

Plaintiff complains about the program in which he was placed while confined to the Willacy State Jail. Specifically, Plaintiff complains about allegedly being denied access to a drug and alcohol course for substance abuse treatment while confined to WCC. Plaintiff sought relief in the form of re-enrollment in a substance abuse treatment course.

As Plaintiff is no longer confined in either the Willacy State Jail or the WCC, even if WCC were a proper defendant to this case (which WCC denies), Plaintiff's complaints against WCC are moot. A ruling on the merits of Plaintiff's now moot complaint would be an advisory opinion prohibited by Article III. *See Spencer v. Kemna,* 523 U.S. 1, 17, 118 S. Ct. 978, 988 (1998) (release on completion of the original sentence mooted the attack on a parole revocation. Mootness could not be ignored on the theory that dilatory tactics by state attorneys and delay by the district court

slowed decision on the habeas corpus petition. "[M]ootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so. We are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong.").

Because Plaintiff was released from WCC, Plaintiff's claims should be dismissed as moot. *See Biliski v. Harborth*, 55 F.3d 160 (5th Cir. 1995) (dismissing as moot plaintiff's request for a transfer from a county jail due to plaintiff's subsequent transfer to the TDCJ); *White v. Colorado*, 82 F.3d 364 (10th Cir. 1996) (dismissing as moot plaintiff's claims for prospective injunctive relief due to plaintiff's release from prison); *Garrett v. Angelone*, 940 F. Supp. 933 (W.D. Va. 1996) (dismissing as moot the plaintiff's claims regarding the conditions at institutions from which the plaintiff had been transferred) (citing *Williams v. Griffin*, 952 F.2d 820 (4th Cir. 1991); *Magee v. Waters*, 810 F.2d 451 (4th Cir. 1987). Accordingly, this case must be dismissed.

### III.

### PLAINTIFF LACKS THE REQUISITE LIBERTY INTEREST TO MAINTAIN A SUIT FOR VIOLATION OF HIS RIGHTS TO DUE PROCESS

Plaintiff has failed to provide any basis by which to bring suit against Defendants for violations of his constitutional rights. However, even if Plaintiff had stated a basis on which to maintain his claims against Defendants, Plaintiff's claims fail.

In *Sandin v. Conner*, 512 U.S. 472, 115 S. Ct. 2293 (1995), the Supreme Court held that state created liberty interests protected by the Due Process Clause of the Fourteenth Amendment are generally limited to freedom from restraint which imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. On the facts of this case, Plaintiff has

failed to articulate any such atypical and significant hardship — assignment to an undesired program are common occurrences within a prison system.

In *Sandin*, the Court held that an inmate's discipline in segregated confinement did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest. *Id.* at 486. In light of the Court's unwillingness to find liberty interests implicated by segregated confinement, it is only logical that no liberty interests would be implicated by the less severe action of not placing Plaintiff in the substance abuse treatment program he claims he desires. Prior to *Sandin*, the Fifth Circuit had clearly stated that an inmate has no protected liberty interest in his or her custodial classification. *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995); *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992). *Sandin* validates the Fifth Circuit's position on this matter.

The Supreme Court has clearly rejected Plaintiff's basic premise — that any state action, even if taken for a punitive reason, encroaches upon a liberty interest under the Due Process Clause. As stated above, the focus is merely on whether the action of not placing Plaintiff in a program he claims to desire was an atypical, significant deprivation in which a State might conceivably create a liberty interest. A inmate has no constitutionally protected interest in a particular unit of assignment or specific work program. *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996). Similarly, Plaintiff has no constitutionally protected interest in a particular treatment course. Therefore, Plaintiff has failed to allege any liberty interest worthy of protection under the Due Process Clause of the Fourteenth Amendment and his claims must be dismissed.

## IV.

## PLAINTIFF HAS NOT STATED A VIABLE CLAIM AGAINST DEFENDANTS

Defendants assert that they are not subject to the remedial provisions of § 1983 because they were not acting under the color of state law; rather, their employer WCC is a private corporation. However, assuming *arguendo* that Defendants were viewed as state actors capable of being sued under § 1983, Plaintiff has further failed to state a viable underlying constitutional violation by Defendants required under § 1983. Moreover, if Defendants are viewed as state actors subject to suit under § 1983, they are entitled to qualified immunity.

It is axiomatic that no recovery may be had under § 1983 absent proof of deprivation of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140, 99 S. Ct. 2689, 2695 (1979); *Thorne v. Jones*, 765 F.2d 1270, 1272 (5th Cir. 1985). Thus, the first inquiry in any § 1983 suit is whether the plaintiff has been deprived of a federally secured right. *Baker,* 443 U.S. at 140, 99 S. Ct. at 2695. In this case, Plaintiff's claim that he has been deprived of constitutional rights is without merit because Plaintiff's allegation of not being placed in a substance abuse treatment program does not rise to the level of a constitutional violation.

In order to recover under 42 U.S.C. § 1983, Plaintiff must demonstrate that the conduct complained of amounts to a tort of constitutional significance. *Mark v. Caldwell,* 754 F.2d 1260, 1261 (5th Cir.), *cert. denied,* 106 S. Ct. 310 (1985). Neither violations of duties of care arising out of ordinary state tort law, nor injuries resulting from a prison official's negligent conduct are actionable under § 1983 (again, assuming *arguendo* Defendants as employees of the private corporation WCC are even subject to suit pursuant to the remedy provided by § 1983). *Daniels v. Williams*, 474 U.S. 327, 336, 106 S. Ct. 662, 667 (1986); *Davidson v. Cannon*, 474 U.S. 344, 347,

106 S. Ct. 668, 670 (1986); *Jackson v. Cain,* 864 F.2d 1235, 1246 (5th Cir. 1989); *Bowie v. Procunier,* 808 F.2d 1142, 1143 (5th Cir. 1987). Plaintiff cannot meet his burden of establishing a constitutional violation in this case.

V.

### EVEN IF PLAINTIFF COULD ESTABLISH A CONSTITUTIONAL VIOLATION, DEFENDANTS WOULD BE ENTITLED TO DISMISSAL ON THE BASIS OF QUALIFIED IMMUNITY

Moreover, even if Plaintiff had alleged a constitutional violation, Defendants would be entitled to qualified immunity. If Defendants are considered to be state actors capable of being sued under § 1983, then it is axiomatic that they are entitled to qualified immunity as state actors. Immunity is not an affirmative defense; it is an entitlement which provides immunity from suit to "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs,* 475 U.S. 335, 341, 106 S. Ct. 1092, 1096 (1986); *Lampkin v. City of Nacadoches,* 7 F.3d 430, 435 (5th Cir. 1993). "This accommodation for reasonable error exists because 'officials should not err always on the side of caution' because they fear being sued." *Hunter v. Bryant,* 502 U.S. 224, 229, 112 S. Ct. 534, 537 (1991). "Once a defendant advances a defense of qualified immunity, he is entitled to summary judgment unless the legal norms allegedly violated by the defendant were clearly established at the time of the challenged actions. . . ." *Edwards v. Gilbert,* 867 F.2d 1271, 1273 (11th Cir. 1989).

The court must engage in a two-step analysis to determine whether an official is entitled to qualified immunity. First, the court must determine whether the plaintiff's allegations make out a violation of a clearly established constitutional right. If such a right is shown, the court must determine if the right was clearly established at the time of the events in question. *Saucier v. Katz,*

-6-

533 U.S. 194, 201, 121 S. Ct. 2151 (2001). Even if the official's conduct violated a clearly established constitutional right, the official is nonetheless entitled to qualified immunity if his conduct was objectively reasonable. *See Finch v. Fort Bend Independent School Dist.*, 333 F.3d 555, 562 (5th Cir. 2003); *Lukan v. North Forest Indep. Sch. Dist.*, 183 F.3d 342, 346 (5th Cir. 1999).

Whether a public official is entitled to qualified immunity requires that the court pass on two questions. First, viewing the facts in a light most favorable to the plaintiff, the court must determine if the plaintiff has alleged the violation of a constitutional right. The second question (which need be addressed only if the court answers the first question in the affirmative) requires the court to determine if the constitutional right was clearly established when the violation supposedly occurred. The right can be said to have been clearly established only if all reasonable officials in the defendant's position would have concluded that the challenged state action was unconstitutional. *Barrow v. Greenville Independent School Dist.*, 332 F.3d 844, 846 (5th Cir. 2003).

A two-pronged analysis is applied to determine whether a public official is entitled to qualified immunity. First, the Court must determine whether the plaintiff has alleged a violation of a clearly established right. *Goodson v. City of Corpus Christi*, 202 F.3d 730, 736 (5th Cir. 2000). The Fifth Circuit has refined this first step into three separate components:

> First, the plaintiff must allege the deprivation of a constitutional right. Second, [the court] must determine whether this right was clearly established at the time of the alleged violation. Finally, [the court] must determine whether the record at least gives rise to a genuine issue of material fact as to whether the defendants actually engaged in the conduct that violated this clearly established right.

See *Chiu v. Plano Independent School Dist. (Chiu II)*, 339 F.3d 273 (5th Cir. 2003), *citing*

*Chiu I,* 260 F.3d at 343 (quoting *Wallace v. Wellborn,* 204 F.3d 165, 167 (5th Cir.2000)).

"The bifurcated test for qualified immunity is quite familiar: (1) whether the plaintiff has alleged a violation of a clearly established constitutional [or federal statutory] right; and, (2) if so, whether the defendant's conduct was objectively unreasonable in the light of the clearly established law at the time of the incident." *Hare v. City of Corinth, Miss.,* 135 F.3d 320, 325 (5th Cir.1998).

The first prong requires determining "whether the plaintiff has alleged the deprivation of an *actual* constitutional [or statutory] right", *Conn v. Gabbert,* 526 U.S. 286, 290, 119 S. Ct. 1292 (1999) (emphasis added) -- that is, a right *"clearly established ... under ... currently applicable ... standards",* *Hare,* 135 F.3d at 32526 (emphasis added; internal citations and quotation marks omitted). *Only* if the plaintiff has done so should the court proceed to the second prong. To satisfy the first prong (claimed violation, *under existing law,* of actual, *clearly established* constitutional or federal statutory right), a plaintiff may allege the claimed deprivation at a higher level of generality. *Felton v. Polles,* 315 F.3d 470, 477-78 (5th Cir. 2002).

The second prong "is better understood as two separate inquiries: whether the allegedly violated constitutional rights were *clearly established at the time of the incident;* and, if so, whether the conduct of the defendants was *objectively unreasonable* in the light of that then clearly established law". *Hare,* 135 F.3d at 326 (first emphasis in original). For the second prong (*objectively unreasonable* conduct in the light of *clearly established law at time of incident* ), however, the right ... alleged to have [been] violated must have been "clearly established" in a more particularized, and hence more relevant, sense: the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S. Ct. 3034 (1987).

The second prong "focuses not only on the state of the law at the time of the complained of conduct, but also on the particulars of the challenged conduct and/or of the factual setting in which it took place". *Pierce,* 117 F.3d at 872. A "defendant's acts are ... objectively reasonable unless *all* reasonable officials in the defendant's circumstances would have then known that the defendant's conduct violated the United States Constitution or the federal statute as alleged by the plaintiff." *Thompson,* 245 F.3d at 457 (emphasis in original); *Felton v. Polles,* 315 F.3d 470, 477-78 (5th Cir. 2002).

Among other protections it provides, "qualified immunity serves to shield a government official from civil liability for damages based upon the performance of discretionary functions if the official's acts were objectively reasonable in light of then clearly established law". *Thompson v. Upshur County, Tex.,* 245 F.3d 447, 456 (5th Cir. 2001). To that end, "where a defendant pleads qualified immunity and shows he is a governmental official whose position involves the exercise of discretion, the plaintiff then has the burden 'to rebut this defense by establishing that the official's allegedly wrongful conduct violated clearly established law.' We do 'not require that an official demonstrate that he did not violate clearly established federal rights; *our precedent places that burden upon plaintiffs.*'" *Pierce v. Smith,* 117 F.3d 866, 871-72 (5th Cir. 1997); *Felton v. Polles,* 315 F.3d 470, 477 (5th Cir. 2002). When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense. *McClendon v. City of Columbia,* 305 F.3d 314, 323 (5th Cir. 2002)(en banc).

There is no clearly established right for an inmate to be enrolled in the treatment program of his choice while incarcerated. Accordingly, Defendants did not violate a clearly established constitutional right of which a reasonable person would have known. Consequently, this case against

-9-

Defendants should be dismissed.

## VI.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendants urge this Court to deny Plaintiff any and all relief demanded in his Complaint and dismiss this case in its entirety. Defendants also request an award of reasonable attorneys' fees and costs of suit. Defendants claim their entitlement to attorneys' fees pursuant to 42 U.S.C. § 1988. Finally, Defendants request the Court grant such other and further relief, both general and specific, at law and in equity, as the Court deems just and proper.

Respectfully submitted,

WALSH, ANDERSON, BROWN
SCHULZE & ALDRIDGE, P.C.
P.O. Box 2156
Austin, Texas 78768
Telephone: (512) 454-6864
Facsimile: (512) 467-9318

By: _____
BRIDGET ROBINSON
State Bar No. 17086800

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of October, 2003, a true and correct copy of the foregoing pleading was served upon Plaintiff by placing same in the United States mail, certified, return receipt requested, postage prepaid and addressed as follows:

Mark Probasco
#1102569
Ben A. Reid Center
10950 Beaumont Hwy
Houston, TX 77078

_____
BRIDGET ROBINSON