United States District Court
Southern District of Texas
ENTERED

MAR 1 5 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

MAR 1 2 2004

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| MARK PROBASCO, #1102569, | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. B-03-069 |
| v. | § | |
| | § | |
| DAVID FORREST, Warden, MARGARET | § | |
| CISNERSO, Asst. Warden, JULIO S. | § | |
| SALDANA, JR., Former Education | § | |
| Director, JUANITA SMITH, Interim | § | |
| Education Director, | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Mark Probasco filed a civil rights complaint arguing that he was denied access to a state recommended substance abuse program while incarcerated. The Defendants' have filed a motion to dismiss (Docket No. 13) pursuant to Federal Rule of Procedure 12(b)(6). For the following reasons, this Court recommends that the Defendants' motion be granted.

### BACKGROUND

Probasco was formerly incarcerated at the Willacy State Jail, a Wackenhut Corrections Corporation facility. While confined to the Willacy State Jail, Probasco alleges he was denied access to a drug and alcohol program for substance abuse treatment. He then filed the instant civil rights action seeking immediate re-enrollment in a treatment program.

At the time the Defendants filed their motion to dismiss, Probasco had been moved to the Ben A. Reid Center in Houston, TX. Since then, Probasco was moved to the Recovery

Foundation, a halfway house, which is also located in Houston, TX. As of the date of this Court's most recent correspondence with Plaintiff Probasco, he was still located at the Recovery Foundation halfway house.

## DISCUSSION

Although the Defendants' motion to dismiss is framed as a Rule 12(b)(6) motion, the Defendants also urge that the suit be dismissed on the basis of mootness (See Docket No.13 at p.2). Plaintiff is no longer an inmate at Willacy State Jail; furthermore, he has not been confined at any other Wackenhut Corrections Corporation facilities. As stated earlier, Plaintiff has been moved to a series of halfway houses, and is currently residing in a halfway house in Houston.

A federal court must dismiss an action for want of jurisdiction when a case or controversy ceases to exist. *Eddins v. Excelsior Independent School Dist.*, 88 F.Supp.2d 695, 701 (E.D.Tex. 2000) (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41, 57 S.Ct. 461, 81 L.Ed. 617 (1937)). This is known as the "mootness" doctrine. *Id.* Mootness can occur in two ways: (1) when the issues presented are no longer live, and (2) when the parties lack a legally cognizable interest in the outcome. *Id.* (citing *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969)).

According to either standard, this case is subject to the mootness doctrine and should be dismissed. In other words, the issues Probasco presented are no longer "live," and he no longer has a legally cognizable interest in the outcome of this case. *See United States v. Ramirez*, 145 F.3d 345, 356 (5th Cir. 1998); *Matter of Berryman Products, Inc.*, 159 F.3d 941, 944 (5th Cir. 1998); *Eddins*, 88 F.Supp.2d at 701.

A ruling on the merits of Probasco's now moot complaint would be an advisory opinion prohibited by Article III. *See Spencer v. Kemna*, 523 U.S. 1, 17, 118 S.Ct. 978, 988 (1998) ("mootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so. We are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong"). Ultimately, it is clear that under the circumstances the Plaintiff's claims should be dismissed as moot. *See Biliski v. Harborth*, 55 F.3d 160 (5th Cir. 1995) (dismissing as moot plaintiff's request for a transfer from a county jail due to plaintiff's subsequent transfer to the TDCJ); *United States v. O'Shaughnessy*, 772 F.2d 112 (5th Cir. 1985) (dismissing as moot a defendant's appeal of issues related to pretrial bail after defendant pled guilty and was sentenced); *White v. Colorado*, 82 F.3d 364 (10th Cir. 1996) (dismissing plaintiff's claims for injunctive relief as moot due to plaintiff's release from prison); *Garrett v. Angelone*, 940 F.Supp. 933 (W.D. Va. 1996) (dismissing as moot the plaintiff's claims regarding the conditions at institutions from which plaintiff had been transferred).

## RECOMMENDATION

For the aforementioned reasons, it is RECOMMENDED that the Defendant's Motion to Dismiss (Docket No. 13) be GRANTED and that the Plaintiff's case be DISMISSED due to mootness.

## NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on

appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district

court, provided that the party has been served with notice that such consequences will result from

a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir.

1996).

DONE at Brownsville, Texas this 12th day of March, 2004.

_____
Felix Recio
United States Magistrate Judge